IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **United States of America,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil Action No.  TDC-20-0710 |
| | * | |
| **Willard O. Freeman,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| | ****** | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the "Motion for Entry of Default Judgment" ("Motion"), (ECF No. 10), filed by the United States of America at the request and authorization of the Chief Counsel of the Internal Revenue Service ("Plaintiff") against Willard O. Freeman ("the Defendant").  Plaintiff moves for entry of default judgment in its favor against the Defendant in the amount of $2,404,239 for federal income tax assessments, plus interest and penalties.  The relevant tax years are: 2003 through 2007, 2009, 2010, 2015 and 2016.

Pursuant to 28 U.S.C. § 636, and Local Rule 301, the Honorable Theodore D. Chuang referred this matter to me to author a report and to make recommendations.  I do not believe that a hearing is necessary.  L.R. 105.6.  As set forth more fully below, I ultimately recommend that Plaintiffs' "Motion for Entry of Default Judgment" be **GRANTED**, and that damages be awarded as set forth herein.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that Mr. Freeman failed to pay the United States the full amount of the tax assessments for the tax years 2003 through 2007, 2009, 2010, 2015 and 2016.  (ECF No. 1, p. 3).  Thus, Mr. Freeman allegedly owes $2,404,239 to the United States as of March 2, 2020 for federal income taxes, plus interest and penalties, that have accrued and will continue to accrue until paid.  (*Id.*)

On March 17, 2020, Plaintiff filed a Complaint against Defendant seeking to reduce the unpaid tax assessments to judgment.  (ECF No. 1).  That same day, the Clerk of the Court issued a summons to the Defendant.  (ECF No. 2).  An affidavit completed by a process server described the date and time that Defendant was served with the summons and Complaint, to wit, March 21, 2020 at 1:08 pm.  (ECF No. 4).  The executed summons was returned and filed with the Court on April 2, 2020.  (*Id.*).  Pursuant to Federal Rules of Civil Procedure Rule 12(a)(1), the Defendant had 21 days to file a responsive pleading, yet he failed to do so by April 13, 2020, or to date.

On August 8, 2020, the Court issued an Order directing the Plaintiff to file and serve a Motion for Clerk's Entry of Default.  (ECF No. 6).  On August 14, 2020, Plaintiff filed a "Motion for Clerk's Entry of Default," to which it appended a declaration of counsel.  In that declaration, counsel represented that the Defendant is not a member of any branch of the U.S. military, and is neither an infant nor incompetent, per Internal Revenue Service ("IRS") records.  (ECF No. 7).  The Clerk of the Court issued an Order of Default against the Defendant on August 18, 2020.  (ECF No. 8).

On November 3, 2020, Plaintiff filed a "Motion for Default Judgment."  (ECF No. 10) ("the Motion").  In support of the Motion, Plaintiff attached a declaration of IRS Revenue Officer Nicole Baker ("Baker Declaration").  The Baker Declaration contains a tabulation of the federal

income taxes owed by the Defendant for the relevant tax years, as well as the interest related thereto. (ECF No. 10-2, p. 2).

## II. DISCUSSION

### A. **Default Judgment**

Fed. R. Civ. P. 55 governs default judgments. Upon motion of a party, Rule 55(a) provides that a default judgment can be entered when a defendant fails to "plead or otherwise defend in accordance with [Rule 55]." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

When evaluating a motion for default judgment, a district court accepts as true the well-pleaded factual allegations in a complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6). If a party's factual allegations are unchallenged because of a defendant's unresponsiveness, a district court has the discretion to grant default judgment. *See* Fed. R. Civ. P. 55(a)–(b); *see also Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment is appropriate when defendant is "unresponsive for more than a year" after denial of motion to dismiss, even though defendant was properly served with plaintiff's motions for entry of default and default judgment); *Park Corp v. Lexington Ins. Co.*, 82 F.2d 894, 896 (4th Cir. 1987) (affirming default judgment when defendant lost summons and did not respond within the proper timeframe).

Almost one year has elapsed since Defendant was duly served with the Complaint. The Defendant has neither filed an Answer or otherwise defended against the Complaint. Plaintiff's counsel filed a declaration in which she stated that Plaintiff is not an active member of the United

States military, an infant, or incompetent. (ECF No. 7-1). Therefore, I find that Defendant was available to respond or defend against this case and failed to do so. Thus, I recommend that a default judgment be entered.

### B. <u>Damages</u>

Although liability has been established, any allegation concerning the amount of damages is not deemed to be admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6). "With respect to a default judgment, '[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civ. No. ELH 11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011). If the record supports the damages requested, however, then the court may award damages without a hearing. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, Civ. No. NKM 09-0004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding no evidentiary hearing on damages needed based on moving party's affidavit and printout submissions establishing amount of damages sought) (citing *DirecTV, Inc. v. Yancey*, Civ. No. 40-0011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that where sufficient evidence exists to support damages, "[a] hearing in open court is not required.")). The type and amount of damages that may be entered as a result of a party's default are limited to the amount that is demanded in a party's pleadings. Fed. R. Civ. P. 54(c).

Here, Plaintiff asserts that the Defendant owes a total of $2,404,239 in unpaid federal income taxes, including interest and penalties. As a preliminary matter, I find that an assessment "amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes [and] . . . is entitled to a legal presumption of correctness." *United States v. Fior*

*D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Next, I find that 26 U.S.C. §§ 6601, 6621(a)(2) and 28 U.S.C. § 1961(c) apply, and the Plaintiff is entitled to interest and penalties on unpaid taxes. Third, I find that Plaintiff's damages request is supported by the evidence, namely the Baker Declaration. The Baker Declaration contains a chart that describes the relevant tax years, reflects the tax assessments calculated, and the outstanding balance owed by Defendant to the Plaintiff as of March 2, 2020. (ECF No. 10-2). I find that these amounts are consistent with what is permitted by statute.

In sum, because Defendant has failed to respond to the Complaint, and because Plaintiff's support for the damages it seeks has not been challenged, I recommend that Judge Chuang grant Plaintiff's request for damages as well as for interest and penalties. I recommend that Judge Chuang award Plaintiff damages in the amount of $2,404,239, plus any further accrued interest pursuant to Fed. R. Civ. P. 54(c).

## III.   CONCLUSION

In sum, I respectfully recommend that the Court, **GRANT** Plaintiffs' Motion for Default Judgment against Defendant, (ECF No. 10), and enter judgment in favor of the Plaintiff in the amount of $2,404,239.

Dated: March 16, 2021                             /s/
                                         The Honorable Gina L. Simms
                                         United States Magistrate Judge